RULE **[630] 625**.  JUROR QUALIFICATION FORM, LISTS OF TRIAL JURORS, AND CHALLENGE TO THE ARRAY.

(A)  JUROR QUALIFICATION FORM AND LISTS OF TRIAL JURORS.

(1)  The officials designated by law to select persons for jury service shall:

(a)  devise, distribute, and maintain juror qualification forms as provided by law;

(b)  prepare, publish, and post lists of the names of persons to serve as jurors as provided by law;

(c)  upon the request of the attorney for the Commonwealth or the defendant's attorney, furnish the list containing the names of prospective jurors prepared pursuant to paragraph (A)(1)(b); and

(d)  make available for review and copying copies of the juror qualification forms returned by the prospective jurors.

(2)  The information provided on the juror qualification form shall be confidential and limited to questions of the jurors' qualifications.

(3)  The original and any copies of the juror qualification form shall not constitute a public record.

(B)  CHALLENGE TO THE ARRAY.

(1)  Unless opportunity did not exist prior thereto, a challenge to the array shall be made not later than 5 days before the first day of the week the case is listed for trial of criminal cases for which the jurors have been summoned and not thereafter, and shall be in writing, specifying the facts constituting the ground for the challenge.

(2)  A challenge to the array may be made only on the ground that the jurors were not selected, drawn, or summoned substantially in accordance with law.

COMMENT:  The qualification, selection, and summoning of prospective jurors, as well as related matters, are generally dealt with in Chapter 45, Subchapters A-C, of the Judicial Code, 42 Pa.C.S. §§ 4501-4503, 4521-4526, 4531-4532. "Law" as used in paragraph (B)(2) of this rule is intended to

include these Judicial Code provisions. However, paragraphs (B)(1) and (2) of this rule are intended to supersede the procedures set forth in Section 4526(a) of the Judicial Code and that provision is suspended as being inconsistent with this rule. *See* PA. CONST. art. V**[.]**, § 10; 42 Pa.C.S. § 4526(c). Sections 4526(b) and (d)-(f) of the Judicial Code are not affected by this rule.

Paragraph (A) was amended in 1998 to require that the counties use the juror qualification forms provided for in Section 4521 of the Judicial Code, 42 Pa.C.S. § 4521. It is intended that the attorneys in a case may inspect and copy or photograph the jury lists and the qualification forms for the prospective jurors summoned for their case. The information on the qualification forms is not to be disclosed except as provided by this rule or by statute. This rule is different from Rule 632, which requires that jurors complete the standard, confidential information questionnaire for use during *voir dire*.

NOTE: Adopted January 24, 1968, effective August 1, 1968; *Comment* revised January 28, 1983, effective July 1, 1983; amended September 15, 1993, effective January 1, 1994; September 15, 1993 amendments suspended December 17, 1993 until further Order of the Court; the September 15, 1993 Order amending Rule 1104 is superseded by the September 18, 1998 Order, and Rule 1104 is amended September 18, 1998, effective July 1, 1999; amended May 14, 1999, effective July 1, 1999; renumbered Rule 630 March 1, 2000, effective April 1, 2000; amended March 28, 2000, effective July 1, 2000 **[.]** **; renumbered Rule 625 July 7, 2015, effective October 1, 2015.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Report*</u> *explaining the September 15, 1993 amendments published at 21* <u>*Pa.B.*</u> *150 (January 12, 1991). Order suspending, until further Order of the Court, the September 15, 1993 amendments concerning*

*juror information questionnaires published at 24 Pa.B. 333 (January 15, 1994).*

*Final Report explaining the September 18, 1998 amendments concerning juror information questionnaires published with the Court's Order at 28 Pa.B. 4887 (October 3, 1998).*

*Final Report explaining the May 14, 1999 amendments placing titles in paragraphs (A) and (B) published with the Court's Order at 29 Pa.B. 2778 (May 29, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 28, 2000 amendments concerning availability and confidentiality of the juror qualification forms published with the Court's Order at 30 Pa.B. 1955 (April 15, 2000).*

*Final Report explaining the July 7, 2015 renumbering of Rule 630 to Rule 625 published with the Court's Order at 45 Pa.B. ( , 2015).*

(This is an entirely new rule.)

RULE 626.  PRELIMINARY INSTRUCTIONS TO PROSPECTIVE AND SELECTED JURORS.

(A)  For purposes of this rule,

(1)  the term "prospective jurors" means those persons who have been chosen to be part of the panel from which the trial jurors and alternate jurors will be selected;

(2)  the term "selected jurors" means those members of the panel who have been selected to serve as trial jurors or alternate jurors; and

(3)  the term "jury service" means service as (1) members of the jury array, (2) prospective jurors, and (3) selected jurors.

(B)  Persons reporting for jury service, upon their arrival for this service, shall be instructed in their duties while serving as prospective jurors and selected jurors.

(C)  At a minimum, the persons reporting for jury service shall be instructed that until their service as prospective or selected jurors is concluded, they shall not:

(1) discuss any case in which they have been chosen as prospective jurors or selected jurors with others, including other jurors, except as instructed by the court;

(2) read or listen to any news reports about any such case;

(3) use a computer, cellular phone, or other electronic device with communication capabilities while in attendance at trial or during deliberation.  These devices may be used during breaks or recesses but never may be used to obtain or disclose information prohibited in paragraph (C)(4);

(4) use a computer, cellular phone, or other electronic device with communication capabilities, or any other method, to obtain or disclose any information about any case in which they have been chosen as prospective or selected jurors.  Information about the case includes, but is not limited to, the following:

(i)   information about a party, witness, attorney, judge, or  court officer;

(ii)  news reports of the case;

(iii)  information collected through juror research using such devices about the facts of the case;

(iv)   information collected through juror research using such devices on any topics raised or testimony offered by any witness;

(v)   information collected through juror research using such devices on any other topic the juror might think would be helpful in deciding the case.

(D) These instructions shall be repeated:

(1) to the prospective jurors at the beginning of *voir dire*;

(2) to the selected jurors at the commencement of the trial;

(3) to the selected jurors prior to deliberations; and

(4) to the selected jurors during trial as the trial judge deems appropriate.

(E) Jurors shall be instructed that they are required to inform the court immediately of any violation of this rule.

COMMENT: This rule was adopted in 2015 in recognition of the fact that the proliferation of personal communications devices has provided individuals with an unprecedented level of access to information.  This access has the potential for abuse by prospective jurors who might be tempted to perform research about a case for which they may be selected.  Therefore, the rule requires that prospective jurors be instructed at the earliest possible stage as to their duty to rely solely on information presented in a case and to refrain from discussion about the case, either in person or electronically.

It is recommended that the juror summons also contain the language.

It also is recommended, as an additional means of ensuring adherence, that the judge explain to the prospective jurors the reason for these restrictions.  This explanation should include a statement that, in order for the jury system to work as intended, absolute impartiality on the part of the jurors is necessary.  Such impartiality is achieved by restricting the information upon which the jurors will base their decision to that which is presented in court.

NOTE:  Adopted July 7, 2015, effective October 1, 2015.

*          *          *          *          *          *

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final Report explaining the July 7, 2015 adoption of new Rule 626 regarding instructions to prospective jurors published with the Court's Order at 45 Pa.B.      (           , 2015).</u>*

(This is an entirely new rule.)


RULE 627.  SANCTIONS FOR USE OF PROHIBITED ELECTRONIC DEVICES.

Any individual who violates the provisions of Rule 112(A) prohibiting recording or broadcasting during a judicial proceeding or who violates the Court's instructions required by Rule 626 regarding the use of electronic devices by jurors or who violates any limitation imposed by a local rule or by the trial judge regarding the prohibited use of electronic devices during court proceedings:

> (1) may be found in contempt of court and sanctioned in accordance with 42 Pa.C.S. §4132 *et seq*.; and

> (2) may be subject to sanctions deemed appropriate by the trial judge, including, but not limited to, the confiscation of the electronic device that is used in violation of these rules.


> COMMENT: This rule was adopted in 2015 to make clear that in addition to the penalties for contempt that may be imposed upon an individual who violates these rules or a court-imposed restriction on the use of electronic devices during court proceedings, such devices may be temporarily or permanently confiscated by the court.


> NOTE:  Adopted July 7, 2015, effective October 1, 2015.


*          *          *          *          *          *


***COMMITTEE EXPLANATORY REPORTS:***

***Final Report explaining the July 7, 2015 adoption of new Rule 627 regarding sanctions for use of prohibited communications devices published with the Court's Order at 45 Pa.B.     (        , 2015).***

RULE 631.  EXAMINATION AND CHALLENGES OF TRIAL JURORS.

(A)  *Voir dire* of prospective trial jurors and prospective alternate jurors shall be conducted, and the jurors shall be selected, in the presence of a judge, unless the judge's presence is waived by the attorney for the Commonwealth, the defense attorney, and the defendant, with the judge's consent.

(B)  This oath shall be administered individually or collectively to the prospective jurors:

> "You do solemnly swear by Almighty God (or do declare and affirm) that you will answer truthfully all questions that may be put to you concerning your qualifications for service as a juror."

**(C) Upon completion of the oath, the judge shall instruct the prospective jurors upon their duties and restrictions while serving as jurors, and of any sanctions for violation of those duties and restrictions, including those provided in Rule 626(C) and Rule 627.**

[(C)] **(D)**  *Voir dire*, including the judge's ruling on all proposed questions, shall be recorded in full unless the recording is waived.  The record will be transcribed only upon written request of either party or order of the judge.

[(D)] **(E)**  Prior to *voir dire*, each prospective juror shall complete the standard, confidential juror information questionnaire as provided in Rule 632.  The judge may require the parties to submit in writing a list of proposed questions to be asked of the jurors regarding their qualifications.  The judge may permit the defense and the prosecution to conduct the examination of prospective jurors or the judge may conduct the examination.  In the latter event, the judge shall permit the defense and the prosecution to supplement the examination by such further inquiry as the judge deems proper.

[(E)] **(F)**  In capital cases, the individual *voir dire* method must be used, unless the defendant waives that alternative.  In non-capital cases, the trial judge shall select one of the following alternative methods of *voir dire*, which shall apply to the selection of both jurors and alternates:

> (1)  INDIVIDUAL *VOIR DIRE* AND CHALLENGE SYSTEM.
>
> > (a)  *Voir dire* of prospective jurors shall be conducted individually and may be conducted beyond the hearing and presence of other jurors.
> >
> > (b)  Challenges, both peremptory and for cause, shall be exercised alternately, beginning with the attorney for the Commonwealth, until all

jurors are chosen.  Challenges shall be exercised immediately after the prospective juror is examined.  Once accepted by all parties, a prospective juror shall not be removed by peremptory challenge.  Without declaring a mistrial, a judge may allow a challenge for cause at any time before the jury begins to deliberate, provided sufficient alternates have been selected, or the defendant consents to be tried by a jury of fewer than 12, pursuant to Rule 641.

(2)  LIST SYSTEM OF CHALLENGES.

(a)  A list of prospective jurors shall be prepared.  The list shall contain a sufficient number of prospective jurors to total at least 12, plus the number of alternates to be selected, plus the total number of peremptory challenges (including alternates).

(b)  Prospective jurors may be examined collectively or individually regarding their qualifications.  If the jurors are examined individually, the examination may be conducted beyond the hearing and presence of other jurors.

(c)  Challenges for cause shall be exercised orally as soon as the cause is determined.

(d)  When a challenge for cause has been sustained, which brings the total number on the list below the number of 12 plus alternates, plus peremptory challenges (including alternates), additional prospective jurors shall be added to the list.

(e)  Each prospective juror subsequently added to the list may be examined as set forth in paragraph **[(E)(2)(b)] (F)(2)(b)**.

(f)  When the examination has been completed and all challenges for cause have been exercised, peremptory challenges shall then be exercised by passing the list between prosecution and defense, with the prosecution first striking the name of a prospective juror, followed by the defense, and alternating thereafter until all peremptory challenges have been exhausted.  If either party fails to exhaust all peremptory challenges, the jurors last listed shall be stricken.  The remaining jurors and alternates shall be seated.  No one shall disclose which party peremptorily struck any juror.

COMMENT:  This rule applies to all cases, regardless of potential sentence.  Formerly there were separate rules for capital and non-capital cases.

If Alternative **[(E)(1)]** **(F)(1)** is used, examination continues until all peremptory challenges are exhausted or until 12 jurors and 2 alternates are accepted.  Challenges must be exercised immediately after the prospective juror is questioned.  In capital cases, only Alternative **[(E)(1)]** **(F)(1)** may be used unless affirmatively waived by all defendants and the Commonwealth, with the approval of the trial judge.

If Alternative **[(E)(2)]** **(F)(2)**is used, sufficient jurors are assembled to total 12, plus the number of alternates, plus at least the permitted number of peremptory challenges (including alternates).  It may be advisable to assemble additional jurors to encompass challenges for cause.  Prospective jurors may be questioned individually, out of the presence of other prospective jurors, as in Alternative **[(E)(1)]** **(F)(1)**; or prospective jurors may be questioned in the presence of each other.  Jurors may be challenged only for cause, as the cause arises.  If the challenges for cause reduce the number of prospective jurors below 12, plus alternates, plus peremptory challenges (including alternates), new prospective jurors are called and they are similarly examined.  When the examination is completed, the list is reduced, leaving only 12 jurors to be selected, plus the number of peremptories to be exercised; and sufficient additional names to total the number of alternates, plus the peremptories to be exercised in selecting alternates.  The parties then exercise the peremptory challenges by passing the list back and forth and by striking names from the list alternately, beginning with counsel for the prosecution.  Under this system, all peremptory challenges must be utilized.  Alternates are selected from the remaining names in the same manner.  Jurors are not advised by whom each peremptory challenge was exercised.  Also, under Alternative **[(E)(2)]** **(F)(2)**, prospective jurors will not know whether they have been chosen until the challenging process is complete and the roll is called.

This rule requires that prospective jurors be sworn before questioning under either Alternative.

The words in parentheses in the oath shall be inserted when any of the prospective jurors chooses to affirm rather than swear to the oath.

Unless the judge's presence during *voir dire* and the jury selection process is waived pursuant to paragraph (A), the judge must be present in the jury selection room during *voir dire* and the jury selection process.

Pursuant to paragraph **[(D)] (E)**, which was amended in 1998, and Rule 632, prospective jurors are required to complete the standard, confidential juror information questionnaire prior to *voir dire*.  This questionnaire, which facilitates and expedites *voir dire*, provides the judge and attorneys with basic background information about the jurors, and is intended to be used as an aid in the oral examination of the jurors.

The point in time prior to *voir dire* that the questionnaires are to be completed is left to the discretion of the local officials. Nothing in this rule is intended to require that the information questionnaires be mailed to jurors before they appear in court pursuant to a jury summons.

*See* Rule 103 for definitions of "capital case" and "*voir dire*."


NOTE:  Adopted January 24, 1968, effective August 1, 1968; amended May 1, 1970, effective May 4, 1970; amended June 30, 1975, effective September 28, 1975.  The 1975 amendment combined former Rules 1106 and 1107. *Comment* revised January 28, 1983, effective July 1, 1983; amended September 15, 1993, effective January 1, 1994. The September 15, 1993 amendments suspended December 17, 1993 until further Order of the Court; amended February 27, 1995, effective July 1, 1995; the September 15, 1993 Order amending Rule 1106 is superseded by the September 18, 1998 Order, and Rule 1106 is amended September 18, 1998, effective July 1, 1999; renumbered Rule 631 and amended March 1, 2000, effective April 1, 2001**[.] ; amended July 7, 2015, effective October 1, 2015.**

\*           \*           \*           \*           \*           \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the September 15, 1993 amendments published at 21 <u>Pa.B.</u> 150 (January 12, 1991).  Order suspending, until further Order of the Court, the September 15, 1993 amendments concerning juror information questionnaires published at 24 <u>Pa.B.</u> 333 (January 15, 1994).*

*<u>Final</u> <u>Report</u> explaining the February 27, 1995 amendments published with the Court's Order at 25 <u>Pa.B.</u> 948 (March 18, 1995).*

*<u>Final</u> <u>Report</u> explaining the September 18, 1998 amendments concerning juror information questionnaires published with the Court's Order at 28 <u>Pa.B.</u> 4887 (October 3, 1998).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final Report explaining the July 7, 2015 amendment regarding instructions to the prospective jurors published with the Court's Order at 45 Pa.B.      (          , 2015).</u>*

RULE 632.  JUROR INFORMATION QUESTIONNAIRE.


(A)  Prior to *voir dire*:

(1)  Each prospective juror shall complete and verify the standard, confidential juror information questionnaire required by paragraph (H) of this rule, and any supplemental questionnaire provided by the court.

(2)  The president judge shall designate the method for distributing and maintaining the juror information questionnaires.

(3)  The trial judge and the attorneys shall receive copies of the completed questionnaires for use during *voir dire*, and the attorneys shall be given a reasonable opportunity to examine the questionnaires.

(B)  The information provided by the jurors on the questionnaires shall be confidential and limited to use for the purpose of jury selection only.  Except for disclosures made during *voir dire*, or unless the trial judge otherwise orders pursuant to paragraph (F), this information shall only be made available to the trial judge, the defendant(s) and the attorney(s) for the defendant(s), and the attorney for the Commonwealth.

(C)  The original and any copies of the juror information questionnaires shall not constitute a public record.

(D)  Juror information questionnaires shall be used in conjunction with the examination of the prospective jurors conducted by the judge or counsel pursuant to Rule 631**[(D)] (E)**.

(E)  If the court adjourns before *voir dire* is completed, the trial judge may order that the attorneys be permitted to retain their copies of the questionnaires during the adjournment.  When copies of the questionnaires are permitted to be taken from the courtroom, the copies:

(1)  shall continue to be subject to the confidentiality requirements of this rule, and to the disclosure requirements of paragraph (B); and

(2)  shall not be duplicated, distributed, or published.

The trial judge may make such other order to protect the copies as is appropriate.

(F)  The original questionnaires of all impaneled jurors shall be retained in a sealed file and shall be destroyed upon completion of the jurors' service, unless otherwise ordered by the trial judge.  Upon completion of *voir dire*, all copies of the questionnaires shall be returned to the trial judge and destroyed, unless otherwise ordered by the trial judge at the request of the defendant(s), the attorney(s) for the defendant(s), or the attorney for the Commonwealth.

(G)  The original and any copies of questionnaires of all prospective jurors not impaneled or not selected for any trial shall be destroyed upon completion of the jurors' service.

(H)  The form of the juror information questionnaire shall be as follows:

*          *          *

COMMENT:  This rule requires that, prior to *voir dire* in any criminal case, the prospective jurors, including prospective alternate jurors, must complete the standard, confidential juror information questionnaire required in paragraph (H), and that the trial judge and attorneys must automatically be given copies of the completed questionnaires in time to examine them before *voir dire* begins.  *Compare* Rule **[630] 625**, which provides that attorneys must request copies of juror qualification forms for the jurors summoned in their case.

Under paragraph (A)(2), it is intended that the president judge of each judicial district may designate procedures for submitting the questionnaire to the jurors and maintaining them upon completion.  For example, some districts may choose to mail them along with their jury qualification form, while others may desire to have the questionnaire completed by the panel of prospective jurors when they report for jury service.  This rule, however, mandates that the questionnaires be completed by each prospective juror to a criminal case.

Each judicial district must provide the jurors with instructions for completing the form, and inform them of the procedures for maintaining confidentiality of the questionnaires.  It is expected that each judicial district will inform the jurors that the questionnaires will only be used for jury selection.

Pursuant to paragraph (C), the juror information questionnaire is not a public record and therefore may not be combined in one form with the qualification questionnaire required by Rule **[630]625**.  However, nothing in this rule would prohibit the distribution of both questionnaires in the same mailing.

Under paragraph (B), the information provided by the jurors is confidential and may be used only for the purpose of jury selection.  Except for disclosures made during *voir dire*, the information in the completed questionnaires may not be disclosed to anyone except the trial judge, the attorneys and any persons assisting the attorneys in jury selection, such as a member of the trial team or a consultant hired to assist in jury selection, the defendant, and any court personnel designated by the judge.  Even once disclosed to such persons, however, the information in the questionnaires remains confidential.

Although the defendant may participate in *voir dire* and have access to information from the questionnaire, nothing in this rule is intended to allow a defendant to have a copy of the questionnaire.

Paragraph (D) makes it clear that juror information questionnaires are to be used in conjunction with the oral examination of the prospective jurors, and are not to be used as a substitute for the oral examination.  Juror information questionnaires facilitate and expedite the *voir dire* examination by providing the trial judge and attorneys with basic background information about the jurors, thereby eliminating the need for many commonly asked questions.  Although nothing in this rule is intended to preclude oral questioning during *voir dire*, the scope of *voir dire* is within the discretion of the trial judge.  *See, e.g.*, *Commonwealth v. McGrew*, 100 A.2d 467 (Pa. 1953) and Rule 631**[(D)] (E).**

Paragraph (E) provides, upon order of the trial judge, that only attorneys in the case, subject to strict limitations imposed by the court, may retain their copies of the juror information questionnaires during adjournment.

Paragraph (F) provides the procedures for the collection and disposition of the original completed questionnaires and copies for impaneled jurors. Once *voir dire* is concluded, all copies of the completed questionnaires are returned to the official designated by the president judge pursuant to paragraph (A)(2), and destroyed promptly. The original completed questionnaires of the impaneled jury must be retained in a sealed file in the manner prescribed pursuant to paragraph (A)(2), and destroyed upon the conclusion of the juror's service, unless the trial judge orders otherwise. Because the information in the questionnaires is confidential, the trial judge should only order retention of the original questionnaires under unusual circumstances. Such a circumstance would arise, for example, if the questionnaires were placed at issue for post-verdict review. In that event, the judge would order the preservation of the questionnaires in order to make them part of the appellate record.

Under paragraph (G), the original and any copies of the questionnaires of those jurors not impaneled and not selected for any jury must be destroyed without exception upon completion of their service.

There may be situations in which the attorneys and judge would want to prepare an individualized questionnaire for a particular case. In this situation, a supplemental questionnaire would be used together with the standard juror information questionnaire, and the disclosure and retention provisions in paragraphs (B) and (F) would apply. *See* paragraph (A)(1).

NOTE: Former Rule 1107 rescinded September 28, 1975. Present Rule 1107 adopted September 15, 1993, effective January 1, 1994; suspended December 17, 1993 until further Order of the Court; the September 15, 1993 Order is superseded by the September 18, 1998 Order, and present Rule 1107 adopted September 18, 1998, effective July 1, 1999; renumbered Rule 632 and amended March 1, 2000, effective April 1, 2001; amended May 1, 2005, effective August 1, 2005**; amended July 7, 2015, effective October 1, 2015.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the September 18, 1998 adoption of new Rule 1107 concerning juror information questionnaires published with the Court's Order at 29 Pa.B. 4887 (October 3, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the May 1, 2005 amendments to the mandatory juror information questionnaire form published at 35 Pa.B. 2868 (May 14, 2005).*

*Final Report explaining the July 7, 2015 amendments correcting cross-references to Rules 625 and 631 published with the Court's Order at 45 Pa.B. (    , 2015).*

RULE 646.  MATERIAL PERMITTED IN POSSESSION OF THE JURY.

(A)  Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C).

(B)  The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.

(1)  If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.

(2)  The judge shall instruct the jury about the use of the written charge.  At a minimum, the judge shall instruct the jurors that

(a)  the entire charge, written and oral, shall be given equal weight; and

(b)  the jury may submit questions regarding any portion of the charge.

(C)  During deliberations, the jury shall not be permitted to have:

(1)  a transcript of any trial testimony;

(2)  a copy of any written or otherwise recorded confession by the defendant;

(3)  a copy of the information or indictment; and

(4)  except as provided in paragraph (B), written jury instructions.

(D)  The jurors shall be permitted to have their notes for use during deliberations.

COMMENT:  This rule prohibits the jury from receiving a copy of the indictment or information during its deliberations. The rule also prohibits the jury from taking into the jury room any written or otherwise recorded confession of the defendant.  In *Commonwealth v. Pitts*, 450 Pa. 359, 301 A.2d 646, 650 n. 1 (1973), the Court noted that "it would be a better procedure not to allow exhibits into the jury room which would require expert interpretation."

The 2009 amendment to paragraph (B) changes the procedures in Pennsylvania concerning the jury's access

during deliberations to written copies of the judge's charge by permitting the judge to provide each member of the jury with written copies of the portion of the judge's charge on the elements of offenses, the lesser included offenses, and the elements of any potential defenses upon which the jury was charged for the jurors to use during their deliberations. This amendment supersedes the line of cases from *Commonwealth v. Baker*, 466 Pa. 382, 353 A.2d 406 (1976) (plurality opinion) and *Commonwealth v. Oleynik*, 524 Pa. 41, 568 A.2d 1238 (1990), through *Commonwealth v. Karaffa*, 551 Pa. 173, 709 A.2d 887 (1998), in which the Court held it was reversible error to submit written jury instructions to the jury to the extent these cases would preclude that portion of the charge containing the elements of the offense charged, lesser included offenses, and defenses raised at trial from going to the jury.

It is within the discretion of the trial judge to permit the use of the written copies of the portions of the charge on the elements by the jury during deliberations. However, once the judge permits the use of the written elements, the elements of all of the offenses, lesser included offenses, and defenses upon which the jury was charged must be provided to the jury in writing.

The method of preparing the written instructions to be provided to the jury is within the discretion of the trial judge. For example, the instructions do not have to be contemporaneously transcribed but can be a copy of previously prepared instructions that the judge has read as part of the charge that are then provided to the jury for use during deliberations.

The judge must instruct the jurors concerning the use of written instructions during deliberations. Paragraph (B)(2) sets forth the minimum information the judge must explain to the jurors.

It is strongly recommended the judge instruct the jurors along the lines of the following:

> Members of the jury, I will now instruct you on the law that applies to this case including the elements of each offense as well as the elements of the lesser included offenses and defenses upon which evidence has been provided during this trial. To assist you in

your deliberations I will give you a written list of the elements of these offenses, lesser included offenses, and defenses to use in the jury room.

If any matter is repeated or stated in different ways in my instructions, no emphasis is intended. Do not draw any inference because of a repetition. Do not single out any individual rule or instruction and ignore the others. Do not place greater emphasis on the elements of the offenses, lesser included offenses and defenses simply because I have provided them to you in writing and other instructions are not provided in writing. Consider all the instructions as a whole and each in the light of the others.

If, during your deliberations, you have a question or feel that you need further assistance or instructions from me, write your question on a sheet of paper and give it to the court officer who will be standing at the jury room door, and who, in turn, will give it to me. You may ask questions about any of the instructions that I have given to you whether they were given to you orally or in writing.

*See* Rule 647**[(A)] (B)** (Request for Instructions, Charge to the Jury, and Preliminary Instructions) concerning the content of the charge and written requests for instructions to the jury.

The 1996 amendment adding "or otherwise recorded" in paragraph (C)(2) is not intended to enlarge or modify what constitutes a confession under this rule. Rather, the amendment is only intended to recognize that a confession can be recorded in a variety of ways. *See Commonwealth v. Foster*, 425 Pa.Super. 61, 624 A.2d 144 (1993).

Nothing in this rule is intended to preclude jurors from taking notes during testimony related to a defendant's confession and such notes may be in the jurors' possession during deliberations.

Paragraph (D) was added in 2005 to make it clear that the notes the jurors take pursuant to Rule 644 may be used during deliberations.

NOTE:  Rule 1114 adopted January 24, 1968, effective August 1, 1968; amended June 28, 1974, effective September 1, 1974; *Comment* revised August 12, 1993, effective September 1, 1993; amended January 16, 1996, effective July 1, 1996; amended November 18, 1999, effective January 1, 2000; renumbered Rule 646 March 1, 2000, effective April 1, 2001; amended June 30, 2005, effective August 1, 2005; amended August 7, 2008, effective immediately; amended October 16, 2009, effective February 1, 2010; amended June 21, 2012, effective in 180 days **[.]** **; *Comment* revised July 7, 2015, effective October 1, 2105.**

\* \* \* \* \* \* \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the August 12, 1993 Comment revision published at 22 Pa.B. 3826 (July 25, 1992).*

*Final Report explaining the January 16, 1996 amendments published with the Court's Order at 26 Pa.B. 439 (February 3, 1996).*

*Final Report explaining the changes to paragraph (B) and the Comment prohibiting written jury instructions going to the jury published with the Court's Order at 29 Pa.B. 6102 (December 4, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the June 30, 2005 amendment concerning jurors' notes published with the Court's Order at 35 Pa.B. 3917 (July 16, 2005).*

*Final Report explaining the August 7, 2008 revision of the Comment concerning jurors' notes related to a defendant's confession published with the Court's Order at 38 Pa.B. 4606 (August 23, 2008).*

*Final Report explaining the October 16, 2009 amendment concerning providing jurors with the elements of the charged offenses in writing*

*published with the Court's Order at 39 Pa.B. 6331 (October 31, 2009).*

*__Final__ __Report__ explaining the June 21, 2012 amendment to paragraph (C)(3) and the revision of the Comment concerning the former abolition of the indicting grand jury published with the Court's Order at 42 Pa.B. 4140 (July 7, 2012).*

*__Final Report explaining the July 7, 2015 Comment revision correcting a cross-reference to Rule 647 published with the Court's Order at 45 Pa.B.       (         , 2015).__*

RULE 647.  REQUEST FOR INSTRUCTIONS, CHARGE TO THE JURY, AND PRELIMINARY INSTRUCTIONS.

**(A) Before the taking of evidence, the trial judge shall give instructions to the jurors as provided in Rule 626.**

**[(A)] (B)**  Any party may submit to the trial judge written requests for instructions to the jury.  Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties.  Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests and which instructions shall be submitted to the jury in writing.  The trial judge shall charge the jury after the arguments are completed.

**[(B)] (C)** No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.  All such objections shall be made beyond the hearing of the jury.

**[(C)] (D)** After the jury has retired to consider its verdict, additional or correctional instructions may be given by the trial judge in the presence of all parties, except that the defendant's absence without cause shall not preclude proceeding, as provided in Rule 602.

**[(D)] (E)** The trial judge may give **any other** instructions to the jury before the taking of evidence or at anytime during the trial as the judge deems necessary and appropriate for the jury's guidance in hearing the case.

> COMMENT:  Paragraph **[(A)] (B)**, amended in 1985, parallels the procedures in many other jurisdictions which require that the trial judge rule on the parties' written requests for instructions before closing arguments, that the rulings are on the record, and that the judge charge the jury after the closing arguments.  *See*, *e.g.*, Fed.R.Crim.P. 30; ABA Standards on Trial by Jury, Standard 15-3.6**[(a)]**; Uniform Rule of Criminal Procedure 523(b).
>
> Pursuant to Rule 646 (Material Permitted in Possession of the Jury), the judge must determine whether to provide the members of the jury with written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed for use during deliberations.

**Paragraph (A) was added in 2015 to require trial judges to instruct jurors that they are prohibited from using computers or cell phones at trial or during deliberation, and are prohibited from using a computer or other electronic device or any other method to obtain or disclose information about the case when they are not in the courtroom. The amendment prohibits jurors from reading about or listening to news reports about the case and prohibits discussion among jurors until deliberation.**

Paragraph **[(D)] (E)**, added in 1985, recognizes the value of jury instructions to juror comprehension of the trial process. It is intended that the trial judge determine on a case by case basis whether instructions before the taking of evidence or at anytime during trial are appropriate or necessary to assist the jury in hearing the case. The judge should determine what instructions to give based on the particular case, but at a minimum the preliminary instructions should orient the jurors to the trial procedures and to their duties and function as jurors. In addition, it is suggested that the instructions may include such points as note taking, the elements of the crime charged, presumption of innocence, burden of proof, and credibility. Furthermore, if a specific defense is raised by evidence presented during trial, the judge may want to instruct on the elements of the defense immediately after it is presented to enable the jury to properly evaluate the specific defense. *See also* Pennsylvania Suggested Standard Criminal Jury Instructions, Chapter II.


NOTE: Rule 1119 adopted January 24, 1968, effective August 1, 1968; amended April 23, 1985, effective July 1, 1985; renumbered Rule 647 and amended March 1, 2000, effective April 1, 2001; *Comment* revised June 30, 2005, effective August 1, 2005; amended October 16, 2009, effective February 1, 2010**[.]** **amended July 7, 2015, effective October 1, 2015.**

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the June 30, 2005 <u>Comment</u> revision concerning the note taking instruction published with the Court's Order at 35 <u>Pa.B.</u> 3917 (July 16, 2005).*

*<u>Final</u> <u>Report</u> explaining the October 16, 2009 changes adding to the <u>Comment</u> a cross-reference to Rule 646 published with the Court's Order at 39 <u>Pa.B.</u> 6331 (October 31, 2009).*

*<u>Final Report explaining the July 7, 2015 amendment regarding the use of personal communications devices and computers by the jurors published with the Court's Order at 45 Pa.B.　 (　　　, 2015).</u>*